IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE DANIEL JOHNSON,

    Petitioner,               No. CIV S-02-1671 GEB JFM P

    vs.

JOE McGRATH, Warden,

    Respondent.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1999 conviction on charges of being an ex-felon in possession of a firearm, driving under the influence of alcohol or drugs, and driving with a blood alcohol level of .08 or higher, and the sentence of twenty-five years to life in prison imposed thereon under California's Three Strikes Law.[1]

        Petitioner's original petition, filed August 7, 2002, contains four claims for relief: first, that petitioner received ineffective assistance of trial and appellate counsel; second, that petitioner's due process rights were violated by the absence of a transcript from part of the

---

[1] The sentence was based on the convictions and a finding that petitioner had sustained two prior serious felony convictions within the meaning of California Penal Code §§ 667(b)(-(1) and 1170.12. (See Exs. C and D to Respondent's Motion to Dismiss, filed February 6, 2003.)

1

1 proceedings on a motion to strike a prior conviction; third, a claim of prosecutorial misconduct;
2 and fourth, violation of his constitutional rights through addition of a prior conviction for use at
3 sentencing that was not proved to the jury.
4     On September 3, 2002, petitioner filed a document styled as an amended petition.
5 Appended to that pleading is a petition for writ of habeas corpus filed in the California Supreme
6 Court that contains three claims for relief:  first, a claimed violation of petitioner's Fourth
7 Amendment rights; second, a due process claim substantially similar to that raised in the original
8 petition; and third, a claim of insufficient evidence.
9     By order filed December 9, 2002, respondent was directed to file a response to
10 petitioner's application for a writ of habeas corpus.  Respondent's initial response was a motion
11 to dismiss the petition as a mixed petition containing three claims, one exhausted and two
12 unexhausted.  (Respondent's Motion to Dismiss, filed February 6, 2003, at 4, 8 (hereafter Motion
13 to Dismiss.)  It is apparent that the motion to dismiss was directed at the amended petition, filed
14 September 3, 2002.  (See Motion to Dismiss, at 4.)
15     By order filed July 16, 2003, the court construed the action as including the three
16 claims described by respondents and the three other claims from petitioner's original petition.
17 (See Order filed July 16, 2003, at 1-2.)  The court found that respondent's motion to dismiss was
18 silent with respect to whether the claims raised in the original petition were unexhausted and on
19 that basis denied the motion to dismiss without prejudice.  (Id. at 2.)  Respondent was directed to
20 file a new response within thirty days.  (Id.)
21     On August 15, 2003, respondent filed an answer to the petition.  Therein,
22 respondent answered four of the six claims identified in the court's July 16, 2003 order.
23 Respondent did not respond in any way to either the Fourth Amendment claim or the claim of
24 insufficient evidence.  Petitioner's Fourth Amendment claim is barred by the rule announced in
25 Stone v. Powell, 428 U.S. 465, 494 (1976) (precluding relitigation of Fourth Amendment claims
26 in federal habeas corpus proceedings where state provides " an opportunity for full and fair

1  litigation" of such claims) and the court intends therefore to recommend denial of that claim.
2  Good cause appearing, respondent will be directed to file a supplemental answer addressing
3  petitioner's claim of insufficient evidence.
4          In accordance with the above, IT IS HEREBY ORDERED that within twenty days
5  from the date of this order respondent shall file and serve a supplemental answer addressing
6  petitioner's claim of insufficient evidence.  Not later than twenty days thereafter, petitioner may
7  file and serve a supplemental traverse responsive to the supplemental answer.  Thereafter the
8  matter will be submitted for decision.
9  DATED:  April 30, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/john1671.fb